IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| KEVIN D. PETERSON,<br><br>Plaintiff,<br><br>v.<br><br>THE TRANSIT AUTHORITY OF THE CITY OF OMAHA,<br><br>Defendant. | 8:16CV558<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on the Transit Authority of the City of Omaha's ("Transit Authority") Motion for Attorney's Fees (Filing No. 51) pursuant to 42 U.S.C. § 12205 of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 *et seq*. On May 8, 2018, this Court granted the Transit Authority's Motion for Summary Judgment (Filing No. 39) against plaintiff Kevin D. Peterson ("Peterson") and entered judgment in the Transit Authority's favor on all of Peterson's disability-discrimination claims.

The Transit Authority now seeks an order awarding $44,673.50 in attorney fees. The Transit Authority argues that, as the prevailing party, it is entitled to reasonable attorney fees because Peterson's claims were frivolous, unrealistic, lacking foundation, and unsupported by sufficient evidence. More specifically, the Transit Authority argues it "should be awarded its attorney's fees" because the Court (1) granted summary judgment and dismissed the Complaint "**on the merits** prior to trial" and (2) "found Peterson failed to establish a prima facie case as to all three of his disability claims." The Court is unmoved by the Transit Authority's arguments.

Section 12205 of the ADA gives the Court discretion to grant a prevailing party attorney fees. Yet the Court "may not award attorneys' fees to a prevailing . . . defendant

unless the 'court finds that [the plaintiff's] claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so.'" *Marquart v. Lodge 837, Int'l Ass'n of Machinists & Aerospace Workers*, 26 F.3d 842, 848 (8th Cir. 1994) (alteration in original) (quoting *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 422 (1978)); *see also Pedigo v. P.A.M. Transp., Inc.*, 98 F.3d 396, 397 (8th Cir. 1996). "In applying these criteria, it is important that a district court resist the understandable temptation to engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation." *Christiansburg*, 434 U.S. at 421-22. "Allegations that, upon careful examination, prove legally insufficient to require a trial are not, for that reason alone, 'groundless' or 'without foundation' as required by *Christiansburg*." *Hughes v. Rowe*, 449 U.S. 5, 15-16 (1980).

After careful review, the Court finds Peterson's discrimination claims were not frivolous, groundless, or unreasonable under the circumstances of this case. Because Peterson had "'some basis' for [his] discrimination claim[s]," the Transit Authority "may not recover attorneys' fees." *EEOC v. Kenneth Balk & Assocs., Inc.*, 813 F.2d 197, 198 (8th Cir. 1987). Accordingly, the Transit Authority's Motion for Attorney's Fees (Filing No. 51) is denied.

IT IS SO ORDERED.

Dated this 23rd day of May, 2018.

BY THE COURT:

Robert F. Rossiter, Jr.
United States District Judge